**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-11-1572-PHX-SMM |
| Plaintiff, | **MEMORANDUM OF DECISION AND ORDER** |
| v. | |
| One M119 105mm Howitzer, Serial Number S793, | |
| Defendant. | |

Before the Court is Plaintiff United States of America's Motion for Summary Judgment. (Doc. 35.) Claimant Damage, LLC, has responded (Doc. 46), Plaintiff has replied (Doc. 49), and the matter is fully briefed. The Court will deny Plaintiff's motion.

## BACKGROUND

Plaintiff seeks civil *in rem* forfeiture of Defendant property known as One M119 105mm Howitzer, Serial Number S793 (hereinafter, "the Howitzer"), pursuant to 26 U.S.C. § 5872(a).

Between May 2008 and September 2008, Special Agent Sander of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") discovered a number of online advertisements at www.arizonashooting.com for the sale of firearms, and traced them back to Robert A. Bigando. (Doc. 36 ¶ 6.) One advertisement by Bigando, posted September 13, 2008, was for the Howitzer. (Id.) The ad read as follows:

The gun is NATO M1191A1 105mm. It is currently in demilled

> status. It was rescued from a military contractor using the gun as a test piece for some sort of service. I am not sure exactly what they did. I used the term rescued lightly because it took them a whole lot of motivation ($) to let it go. Its an extremely rare piece, well in civilian hands at least. I know of no others. The gun needs some work but nothing impossible. We are hoping to be operational by December. At that point it will be live, functioning, registered, and most importantly transferable piece. Bob.

(Id.) [sic.]

ATF checked with the Federal Licensing Center and learned that Bigando did not have a federal firearms license for the Howitzer. (Id. ¶ 8.) On October 30, 2008, ATF agents executed a federal search warrant and seized the Howitzer from Bigando's residence. (Doc. 35 at 2.) Bigando was subsequently indicted by a Federal grand jury in this district, charging him with two felony counts of unlawful possession of an unregistered firearm and one misdemeanor count of contempt of court for possessing firearms in violation of an order of probation issued in a prior criminal case. (Id.) Bigando pled guilty to the misdemeanor charge and agreed to forfeit his interest in the Howitzer. (Id.)

On the date the Howitzer was seized, ATF Firearms Enforcement Officer Kenneth Mason conducted an on-site physical inspection of the Howitzer. (Doc. 37 at 16.) In his report issued November 10, 2008, Officer Mason reported that the Howitzer had been modified in the following ways: its breech block had been removed, its feed gate had been welded in place, and several holes had been torch-cut into its hydro-pneumatic recoil system. (Id. at 17.) Officer Mason concluded that these modifications were insufficient to destroy the receiver and remove the Howitzer from the provisions of the National Firearms Act ("NFA"). (Id.)

The ATF began administrative proceedings for forfeiture of the Howitzer on November 2, 2009. (Id.) On November 20, 2009, Tanner Hunsaker, president of Claimant Damage LLC, filed a Seized Asset Claim Form with the ATF, asserting that Claimant owns full interest in the Howitzer and seeking its return. (Id.) Thereafter, Plaintiff brought this *in rem* forfeiture proceeding against the Howitzer pursuant to 26 U.S.C. § 5872. (Doc. 1.) Plaintiff now moves for summary judgment. (Doc. 35.)

**LEGAL STANDARD**

**I.     Motion for Summary Judgment**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." Id. at 324. However, the nonmovant must set out specific facts showing a genuine dispute for trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

**II.    National Firearms Act**

Property involved in a violation of the NFA is subject to seizure and forfeiture by the United States. 26 U.S.C. § 5872(a). The NFA provides that prior to transfer of any NFA

firearm, the transferor shall register the firearm to the transferee with the National Firearms Registration and Transfer Record ("NFRTR"). 26 U.S.C. § 5841(b)-(c). In addition, the NFA makes it unlawful for a person "to receive or possess a firearm transferred to him in violation of the provisions of this chapter," or "to receive or possess a firearm which is not registered to him in the [NFRTR]." 26 U.S.C. § 5861.

"Firearms" under the NFA include "destructive devices," pertinently defined as:

> (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter . . .; and
>
> (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. . . .

26 U.S.C.A. § 5845(f).

The customs laws, 19 U.S.C. § 1602-1631, establish the relative burdens of parties in a forfeiture action under 26 U.S.C. § 5872(a). United States v. TRW Rifle 7.62X51mm Caliber, One Model 14 Serial 593006, 447 F.3d 686, 688-89 (9th Cir. 2006) (citing United States v. One TRW, Model M14, 7.62 Caliber Rifle, 441 F.3d 416, 418-19 (6th Cir. 2006)). Section 1615 provides that in forfeiture suits where the property is claimed by any person, the burden of proof shall lie upon such claimant, provided that the government first establishes probable cause for the institution of the forfeiture action. Id. See also United States v. One 56-Foot Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir. 1983); One TRW, 441 F.3d at 419.

The standard for probable cause in forfeiture proceedings resembles that required to support a search warrant. United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1208 (9th Cir. 1996), (citing United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1071 (9th Cir. 1994)). The determination of probable cause is based upon a totality of the circumstances test, and the government's evidence must be more than that which gives rise to a mere suspicion, although it need not rise to the level of *prima facie* proof. Id. Moreover,

an "unrebutted showing of probable cause is sufficient by itself to warrant a judgment of forfeiture." United States v. $5,644,540.00 in U.S. Currency, 799 F.2d 1357, 1362 (9th Cir. 1986).

Under Section 1615, the claimant's burden may be met in one of two ways: "first, [the claimant] may refute the government's showing of probable cause, and second, [the claimant] may come forward with affirmative evidence and prove, by a preponderance of the evidence, that the [property subject to the forfeiture proceeding] was not used for the illegal purpose as alleged." Id., citing Tahuna, 702 F.2d at 1281.

**DISCUSSION**

Plaintiff argues that no genuine issue of material fact exists and that judgment in its favor is appropriate as a matter of law. According to Plaintiff, the undisputed facts show that the Howitzer is subject to forfeiture as property used in violation of law, because: (1) the Howitzer is a destructive device as defined by 26 U.S.C. §§ 5845(f)(2) and/or 5845(f)(3) ; and (2) it was transferred without proper registration in the NFRTR in violation of the NFA transfer and registration requirements.

It is undisputed that a functioning howitzer cannon would qualify as a destructive device under 26 U.S.C. § 5845(f)(2), because it is "a weapon . . . which will . . . expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter." (The barrel of a howitzer has a bore that is approximately 4.139 inches in diameter. (Doc. 35 at 10.)) It is also undisputed that the Howitzer at issue here was transferred to Bigando and Claimant without prior approval by the ATF, and that Bigando and Claimant possessed it without registering it in the NFRTR. Thus, the central remaining disputed issue in this case is whether the Howitzer in its current modified condition qualifies as a destructive device under 26 U.S.C. § 5845(f), because it may be either "readily converted to expel a projectile," or "readily assembled" into a destructive device.

Claimant contends first that Plaintiff lacked probable cause to institute forfeiture, based on the argument that the Howitzer is not a destructive device under 26 U.S.C. §§

1 5845(f)(2) or (3). (Doc. 46 at 6.) According to Claimant, the Howitzer fails to fall under these provisions because it cannot be "readily" converted to expel a projectile, nor "readily" assembled into a destructive device. (Id.)

The Court must first address Claimant's argument that Plaintiff lacked probable cause to institute forfeiture proceedings against the Howitzer. The Court finds Claimant's argument on this point to be without merit. In October 2008, ATF Agent Sander discovered the online posting by Bigando describing the Howitzer and stating Bigando's intention to work on the cannon and make it a "live, functioning" weapon by December 2008. ATF investigation revealed that Bigando did not have a license for the Howitzer, and that Bigando's probation terms prohibited him from possessing firearms.

Thereafter, ATF Officer Mason conducted an on-site inspection of the Howitzer and reported that although it had been modified in some ways, these modifications were insufficient to destroy the gun's receiver and remove it from the provisions of the NFA. (Id.) On this basis, Plaintiff began forfeiture proceedings in November of 2008. The government relied on Officer Mason's report that the Howitzer was readily restorable, and was acting on more than mere suspicion of illegal activity. The government thus had probable cause under the totality of the circumstances to believe that the Howitzer was a destructive device under the terms of the NFA, and that it was unlawfully possessed by Bigando and therefore subject to forfeiture. Accordingly, the burden in this forfeiture action now shifts to Claimant to establish by a preponderance of the evidence that the Howitzer is not subject to forfeiture.

Claimant argues that the Howitzer is not subject to forfeiture, based on the same argument that the Howitzer is not a destructive device because it cannot be readily made to fire. Plaintiff counters that the Howitzer does fall under the definition – despite its current modifications which prevent firing – because it can be readily restored to fireable condition. (Doc. 35 at 13.) Claimant bears the burden of proving by a preponderance of evidence that the Howitzer is not subject to forfeiture. Therefore, the precise question before the Court is whether Claimant can establish the existence of a genuine dispute of material fact which supports its claim that the Howitzer cannot readily be made to fire.

Claimant relies on the reports of several expert witnesses, including: (1) Kevin Dockery, (2) Tim La France; and (3) Mike Riker. Dockery is a former member of the U.S. Army and a specialist in military ordnance. (Doc. 38 at 2-3.) Dockery examined photographs of the Howitzer and reports that it is not readily restorable. (Id. at 10-22.) Dockery asserts, and Plaintiff's expert Vasquez agrees, that the "primary component" of the Howitzer is the cannon, "which is made up of the cannon tube, muzzle break and breech mechanism." (Doc. 38 at 11.) The remaining components of the Howitzer are the recuperator assembly (which returns the cannon back to position after firing), the equilibrator (which prevents the weapon from tipping when fired), and the recoil system. (Id.)

Dockery states that the Howitzer has been modified to prevent firing in that the barrel is welded shut, and the breech block is firmly welded into place[1] with "deep and thorough" welds. (Id. at 21.) Most importantly, Dockery reports that the barrel could not be made to fire without extensive, difficult repairs:

> The barrel alone would require the services of a major machine shop in order to make it at all functional. This reconstruction would require the use of a very large lathe, on the order of that used in a ship yard or major manufacturing center. A lathe would have to hold and turn a piece weighing approximate [sic] 1,000 pounds as well as have 108 inch bed length and 20 inch turning capability. This would be at a minimum in order to restore the barrel.

(Id.)

Claimant's expert La France, a weapon-smith, reports that the Howitzer's breech block has been completely removed, which is "the critical piece to both lock the round [of

---

[1] The Court notes the discrepancy between Mr. Dockery's assertion that the breech block is welded into place versus Officer Mason's report that the breech block has been removed and the feed gate welded into place. Similarly, Claimant's expert La France reports that the breech block has been completely removed, while expert Riker implies that the breech block is welded in place on the Howitzer. The Court assumes this to be the result of a variation in terminology between the experts – in any event, the Court here must make all inferences in favor of the non-moving party, and Officer Mason's report corroborates the claim that the breech block has been removed.

1  ammunition] in place and actually fire the weapon." (Doc. 40 at 10-11.) La France therefore
2  concludes that the Howitzer will not "ever fire again unless [it is] completely refurbished
3  with replacement parts, very extensive time and labor input, and with access to very
4  specialized machining facilities." (Id. at 11.)

5  Claimant's expert Riker, a specialist in military armament including cannons, also
6  performed a visual inspection of the Howitzer. (Id. at 14.) Riker asserts that the condition
7  of the barrel is unknown, and could only be determined through further inspection after
8  removing the tampion from the barrel and removing the breech block. (Id. at 13.) Riker
9  claims that if greater damage to the barrel were discovered through this inspection, "cost and
10 time of restoration would rise exponentially." (Id.) Furthermore, Riker states that "rebuild
11 of the breach [sic] block assembly and the fire control will be extremely time consuming and
12 difficult," and "[w]ithout these parts it will be impossible to fire the howitzer." (Id.) Thus,
13 Riker concludes that the Howitzer could not be restored without approximately 625 man-
14 hours of labor and a minimum of approximately $47,000. (Id. at 14.)

15 In support of its argument that the Howitzer can indeed be readily converted to fire,
16 Plaintiff cites to the report of Richard Vasquez, Assistant Branch Chief for the ATF Firearms
17 Technology Branch ("FTB"). (Doc. 39 at 6.) Vasquez reviewed Dockery's report, and
18 disputes Dockery's conclusion that the Howitzer cannot be readily restored. (Doc. 39 at 7-
19 10; Doc. 40 at 3.) Vasquez asserts that Dockery's report is wrong because although the
20 aiming and recoil-prevention systems are necessary to the *safe* firing of the gun, the weapon
21 could readily be restored to the extent that it could fire at least a single shot. (Doc. 40 at 2-3.)
22 According to Vasquez, the welds on the breech mechanism and barrel are superficial and
23 could easily be removed. (Doc. 40 at 2-3) Vasquez thus concludes that restoration of the
24 Howitzer to a condition in which it could fire a shot would require only the removal of these
25 welds, work that would take "between a few hours to two days." (Id. at 3.)[2]

---

[2] Relying on Vasquez's report, and the report of ATF Agent Sander, Plaintiff also argues that the Howitzer necessarily qualifies as a destructive device under 26 U.S.C. § 5845(f)(2) because it was not demilitarized in accordance with the approved and

- 8 -

Here, the Court finds that Claimant has established a genuine issue of material fact for trial. To proceed to trial, Claimant must show the existence of an actual dispute over a material fact by which it could meet its burden of showing by a preponderance of the evidence that the Howitzer did not fall under the NFA. Vasquez's report asserts that only relatively superficial work would be required to allow the Howitzer to fire at least a single shot (albeit with perhaps catastrophic results). However, Claimants' expert reports present evidence in direct conflict that contention.

As set forth above, Claimant's experts report that extensive time and money, as well as specialized skill and equipment, would be necessary to restore the barrel and breech block of the Howitzer, two of the components that Plaintiff's expert concurs are essential to the firing of the weapon. The Court agrees with Plaintiff that a firearm need not be a duplicate of the original or even meet the original specifications to qualify as being "restored." See One TRW, 441 F.3d at 424 ("[T]he definition of "restore" does not preclude an object from being considered 'restored' without returning it to a condition in which it previously existed."). However, Plaintiff incorrectly argues that all of Claimant's experts speak only to the amount of work that would be required to restore the Howitzer to its full, original, safely fireable condition. While it is true that much of the reports concern what repairs would be required to non-essential systems, nevertheless Claimant presents evidence bringing into dispute the factual question of whether the Howitzer could be readily made to fire even a single shot.

Therefore, Claimant has established the existence of a genuine dispute of material fact for trial, and summary judgment is not appropriate.

---

recommended means of demilitarizing a howitzer, as set forth by the ATF. (Doc. 35 at 10-11.) This argument is without merit, however, because the ATF's recommended method for demilitarizing a howitzer is not the only means by which the Howitzer at issue here could be rendered incapable of being "readily" made to fire, which is the legal standard this Court must apply under Section 5845(f).

**CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Summary Judgment. (Doc. 35.)

**IT IS FURTHER ORDERED** setting the Final Pretrial Conference for **May 1, 2013 at 2:00 p.m.** The deadline for the parties to file dispositive motions has passed. This matter appearing ready for trial, a Final Pretrial Conference shall be held in Courtroom 605, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003. The attorneys who will be responsible for the trial of the case shall attend the Final Pretrial Conference. Counsel shall bring their calendars so that trial scheduling can be discussed.

**IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the attorneys who will be responsible for the trial of the lawsuit shall prepare and sign a Proposed Pretrial Order and submit it to the Court on **Friday, April 5, 2013.**

**IT IS FURTHER ORDERED** that the content of the Proposed Pretrial Order shall include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto. Statements made shall not be in the form of a question, but should be a concise narrative statement of each party's contention as to each uncontested and contested issue.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 37(c) that the Court will not allow the parties to offer any exhibits, witnesses, or other information that were not previously disclosed in accordance with the provisions of this Order and/or the Federal Rules of Civil Procedure and/or not listed in the Proposed Pretrial Order, except for good cause.

**IT IS FURTHER ORDERED** directing the parties to exchange drafts of the Proposed Pretrial Order **no later than seven (7) days before the submission deadline**.

**IT IS FURTHER April 5, 2013**. Each motion in limine shall include the legal basis supporting it. Responses to motions in limine are due **Friday, April 12, 2013**. No replies will be permitted. The attorneys for all parties shall come to the Final Pretrial Conference prepared to address the merits of all such motions.

**IT IS FURTHER ORDERED** directing the parties to complete the following tasks by the time of the filing of the Proposed Pretrial Order if they intend to try the case before a jury:

(1) The parties shall jointly file a description of the case to be read to the jury.

(2) The parties shall jointly file a proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties shall stipulate to the proposed voir dire questions. If the parties have any disagreement about a particular question, the party or parties objecting shall state the reason for their objection below the question.

(3) The parties shall file a proposed set of stipulated jury instructions. The instructions shall be accompanied by citations to legal authority. If a party believes that a proposed instruction is a correct statement of the law, but the facts will not warrant the giving of the instructions, the party shall so state. The party who believes that the facts will not warrant the particular instruction shall provide an alternative instruction with appropriate citations to legal authority.

(4) Each party shall submit a form of verdict to be given to the jury at the end of the trial.

**IT IS FURTHER ORDERED** directing the parties to submit their proposed joint statement of the case, joint voir dire questions, stipulated jury instructions, and verdict forms.

**IT IS FURTHER ORDERED** that if the case will be tried to the Court, rather than to a jury, instead of filing a Proposed Pretrial Order, each party shall submit proposed findings of fact and conclusions of law by the same date the Proposed Pretrial Order is due.

**IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the possibility of settlement and should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

**IT IS FURTHER ORDERED** that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

DATED this 12th day of March, 2013.

_____
Stephen M. McNamee
Senior United States District Judge

|   |   |
|---|---|
| 1 | |
| 2 | |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____,  )  No. CV -PHX-SMM
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)  **PROPOSED PRETRIAL FORM OF ORDER**
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
_____,  )
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)
_____)

Pursuant to the Scheduling Order, the following is the joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference set for _____, _____ .

    A. **COUNSEL FOR THE PARTIES**

       (Include mailing address, office phone and fax numbers).

       Plaintiff(s):

       Defendant(s):

    B. **STATEMENT OF JURISDICTION**.

       Cite the statute(s) which gives this Court jurisdiction.

       (e.g., Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. §1332.)

       Jurisdiction (is/is not) disputed.

(If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.)

C. **NATURE OF ACTION**.

Provide a concise statement of the type of case, the cause of the action, and the relief sought.

(e.g., - This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

D. **CONTENTIONS OF THE PARTIES**.

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense. Citation to relevant legal authority is required.

(e.g., In order to prevail on this products liability case, the plaintiff must prove the following elements . . . .

In order to defeat this products liability claim based on the statute of repose, the defendant must prove the following elements . . . .)

E. **STIPULATIONS AND UNCONTESTED FACTS**

1. The following facts are admitted by the parties and require no proof:

2. The following facts, although not admitted, will not be contested at trial by evidence to the contrary:

- 2 -

**F.   CONTESTED ISSUES OF FACT AND LAW**

1. The following are the issues of fact to be tried and decided: (Each issue of fact must be stated separately and in specific terms. Each parties' contention as to each issue must be set forth with respect to each and every issue of fact). E.g., Issue # 1: Whether Plaintiff used due care.

> Plaintiff Contends: Plaintiff looked both ways before stepping into the street . . . .
>
> Defendant Contends: Plaintiff was chasing a ball and darted out into the street without looking . . . .

2. The following are the issues of law to be tried and determined: (Each issue of law must be stated separately and in specific terms. Each parties' contention as to each issue must be set forth with respect to each and every issue of law). E.g., Issue # 1: Whether Plaintiff's suit is barred by the doctrine of laches.

> Plaintiff Contends: . . .
>
> Defendant Contends: . . .

**G.   LIST OF WITNESSES.**

A jointly prepared list of witnesses and their respective addresses, identifying each as either plaintiff's or defendant's, and indicating whether a fact or expert witness, must accompany this proposed order. If a witness' address is unknown, it should be so stated. A brief statement as to the testimony of each witness must also be included. Additionally, the parties shall designate which witnesses (1) shall be called at trial, (2) may be called at trial, and (3) are unlikely to be called at trial.

Additionally, the parties shall include the following text in this portion of the Proposed Pretrial Order:

The parties understand that the Court has put them on notice that they are responsible for ensuring that the witnesses they want to put on the stand to testify

- 3 -

are subpoenaed to testify, regardless of whether the intended witness is listed as a witness for the plaintiff(s) or the defendant(s). Simply because a party lists a witness does not mean that the witness will be called. Therefore, a party should not rely on the listing of a witness by the opposing party as an indication that the witness will be called. To the extent possible, the parties shall stipulate to the witnesses who will be called to testify.

    H. **LIST OF EXHIBITS**.

1. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

a. Plaintiff's Exhibits:

b. Defendant's Exhibits:

2. As to the following exhibits, the parties have reached the following stipulations:

a. Plaintiff's Exhibits:

b. Defendant's Exhibits:

3. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated beneath:

a. Plaintiff's Exhibits:

(E.g., City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . . (the objection must specify why there is a lack of foundation)).

b. Defendant's Exhibits:

(E.g., Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on the ground of relevance and materiality because (the objection must specify why there is a relevancy or materiality problem)).

- 4 -

1  I. **DEPOSITIONS TO BE OFFERED**.

The parties shall list the depositions to be used at trial. The portions to be read at trial shall be identified by page and line number. Counsel should note objections to deposition testimony by writing the objection in the margins of that portion of the text of the deposition to which the objection is made. Moreover, these objections shall be explained in this portion of the Proposed Pretrial Order. As is the Court's practice at trial, it is <u>not sufficient</u> for an objecting party to simply state perfunctory grounds for an objection (e.g., "hearsay" or "lack of foundation") contained in the Proposed Pretrial Order. Each party must explain the basis for each perfunctory objection (e.g., <u>why</u> it is hearsay, <u>why</u> it lacks foundation, <u>why</u> it is irrelevant).

J. **MOTIONS IN LIMINE**. Motions in limine shall be served, filed, and responded to in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

K. **LIST OF ANY PENDING MOTIONS**

L. **PROBABLE LENGTH OF TRIAL**

M. **JURY DEMAND** - A jury trial (has) (has not) been requested. If a jury trial was requested, (indicate the appropriate selection):

1. the parties stipulate the request was timely and properly made;

2. the (Plaintiff or Defendant) contends the request was untimely made because: (explain why request was untimely); or

3. the (Plaintiff or Defendant contends that although the request for trial by jury was timely, the request is improper as a matter of law because: (indicate the legal basis why a jury trial would be improper).

<u>For a Bench Trial</u>

N-1. **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be filed and served by each party in accordance with the instructions contained

in the Order Setting Final Pretrial Conference.

<u>For a Jury Trial</u>

N-2. **STIPULATED JURY INSTRUCTIONS, PROPOSED VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT** shall be filed in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

O. **CERTIFICATIONS**. The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.

2. The identity of each witness has been disclosed to opposing counsel.

3. Each exhibit listed herein (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

4. The parties have complied in all respects with the mandates of the Court's Rule 16 Order and Order Setting Final Pretrial Conference.

5. [Unless otherwise previously ordered to the contrary], the parties have made all of the disclosures required by the Federal Rules of Civil Procedure.

APPROVED AS TO FORM AND CONTENT:

_____     _____

Attorney for Plaintiff                             Attorney for Defendant

Based on the foregoing,

**IT IS ORDERED** that this Proposed Pretrial Order jointly submitted by the parties is hereby **APPROVED** and is thereby **ADOPTED** as the official Pretrial Order of this Court.

DATED this _____ day of _____, _____.

_____

Stephen M. McNamee
Senior United States District Judge

- 6 -